UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BOBBIE BOWEN,

Plaintiff,

v. Case No. 26-cv-771-pp

ZACHARY JOHNSON, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION RE IMMINENT DANGER (DKT. NO. 7), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND ADMINISTRATIVELY CLOSING CASE**

---

Plaintiff Bobbie Bowen, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, resolves his motion re imminent danger, dkt. no. 7, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 14, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $32. Dkt. No. 6. The court received that fee on June 1, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues City of Milwaukee Police Officers Zachary Johnson, Juliana Nailen, Jacob Huber, Romero Dunkey, Mario Dantzler, Kenner, Jazmine Williams and John Does. Dkt. No. 1 at 1. The plaintiff alleges that on January 17, 2020, the defendant police officers issued him false disciplinary charges while at 3776 North 76th Street in Milwaukee, Wisconsin, and failed to intervene to stop the due process violation. Id. at ¶1. He states that as he walked up the stairs to his apartment, Johnson and Nailen confronted him. Id.

at ¶2. Johnson allegedly asked to search the plaintiff and said that he had just seen the plaintiff get out of a car. Id. at ¶¶2-3. The plaintiff states that he replied, "what car?". Id. at ¶3. Johnson allegedly checked the plaintiff's pockets and saw that the plaintiff did not have keys to "Anita's car." Id. at ¶4. The plaintiff alleges that Nailen witnessed the search and saw that the plaintiff didn't have car keys.[1] Id. The plaintiff alleges that as Johnson and Nailen talked about the incident, Johnson got upset and said that if the plaintiff didn't do what he said, Johnson would charge him with "OWI." Id. at ¶5. The plaintiff alleges that Nailen and Johnson issued false disciplinary reports charging the plaintiff with "OWI 4th" and resisting or obstructing an officer in violation of his due process rights. Id. at ¶7. Nailen and Johnson allegedly called Huber to the scene to help issue the false charges. Id. at ¶11. The plaintiff states that Huber violated his due process rights by making false reports and issuing the plaintiff a false citation. Id. at ¶12.

The plaintiff alleges that he also sues the defendants for an incident that occurred on the stairs. He says that Romero, Johnson and Nailen escorted him down the stairs backwards. Id. at ¶16. Nailen and Johnson allegedly said that the plaintiff tried to kick Johnson in the "nuts" and charged him with disorderly conduct, which was false. Id. He states that the bodycam refutes this

---

[1] The plaintiff cites another case he is litigating in this court, Bowen v. Walker, Case No. 23-cv-64-pp. The plaintiff is represented by counsel in that case. He cites a notarized document addressed to Judge Rosa in which Anita Blake says she does not want to press charges against the plaintiff in Case No. 20CF312 and asks to dismiss all charges against the plaintiff. Bowen, Case No. 23-cv-64, Dkt. No. 22-1 at 5.

charge. Id. at ¶17. The plaintiff alleges that Johnson, Nailen, Huber, Dunkey, Dantzler, Kenner and Williams failed to intervene and let officers charge him with attempting to kick the officer. Id. at ¶18. The plaintiff asserts that Romero failed to control his officers. Id.

The plaintiff alleges that while at Saint Joseph's Hospital, he was pushed in a wheelchair with his hands and feet shackled. Id. at ¶19. Johnson allegedly pushed the plaintiff into a corner so that he faced a wall. Id. The plaintiff states that he yelled for help because Johnson was trying to provoke him. Id. at ¶20. Johnson allegedly pulled the plaintiff's hair out, grabbed him by his head and ripped his glasses off his face, then lied and said that the plaintiff tried to spit on him. Id. Officer Jane Doe 1 and Dunkey allegedly failed to protect the plaintiff and stop Johnson from putting his hands on him. Id. at ¶21. Officers Jane Doe 2 and John Doe 3 allegedly came rushing in and saw the plaintiff in a corner in a wheelchair at the hospital. Id. at ¶22. John Doe Officers 2 and 3 failed to investigate or "read the warrant for [his] blood," in violation of the plaintiff's due process rights. Id. at ¶23.

The plaintiff alleges that years later, in 2025, Nailen "'finally admitted' under oath that it was not a traffic stop." Id. at ¶24. The plaintiff states that at his preliminary hearing for Case Number 2021CF4800, Nailen admitted it was not a traffic stop. Id. at ¶25.

According to the plaintiff, he is in imminent danger of going to prison unless the charges are dropped in Case Number 2021CF4800 and asks the court to "please drop the Charges" in the case. Id. at ¶26. He says that he

seeks $500,000 for false charges, stress, mental health issues, suicidal thoughts, hallucinations, embarrassment, hurt lower back, lost bail money, not feeling safe around police, future mental health issues and flashbacks. Id.

C. Analysis

The plaintiff alleges that the defendants issued false disciplinary reports, or failed to intervene in their issuance, charging the plaintiff with "OWI 4th" and resisting or obstructing an officer in violation of his due process rights. He says that criminal charges were brought against him and that he is in imminent danger of going to prison if the charges are not dropped. In Wisconsin v. Bowen, Milwaukee County Case No. 2021CF4800 (available at wcca.wicourts.gov), the plaintiff was charged with OWI (4th) on November 22, 2021.[2] The case is open and set for a status conference on October 2, 2026. Id.

Under Younger v. Harris, 401 U.S. 37 (1971), "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). "[C]laims of damages resulting from illegal searches, seizures, and detentions meet that description; they involve constitutional issues that may be litigated during the course of his criminal case." Id. (citations omitted). "Deciding those issues in federal court could undermine the state court proceeding." Id. "Resolving the constitutionality of law enforcement's conduct throughout [the plaintiff's] case[] would inject this court

[2] The plaintiff was not charged with resisting or obstructing an officer in this criminal case.

into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention." Shaw v. C'nty of Milwaukee, Case No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. April 4, 2022) (citing J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021); and SKS & Assoc. v. Dart, 619 F.3d 674, 677-79 (7th Cir. 2010)).

The plaintiff seeks compensatory monetary damages and for the charges in his criminal case to be dropped. Dkt. No. 1 at 5. Monetary relief is not available to the plaintiff in his state criminal case, and it is possible that his claims may become time-barred by the time the state prosecution has ended.[3] This means that rather than dismissing the plaintiff's damages claim, the court must stay it. Shaw, 2022 WL 1001434, at *2 (citing Gakuba, 711 F.3d at 753). The court will administratively close this case; when the plaintiff's criminal case has concluded, he may file a motion to reopen this federal case. The court will preserve the original, April 30, 2026 filing date.

In addition to the plaintiff's claim that the defendants unlawfully charged him with OWI (4th), the plaintiff alleges that while he was shackled and in a wheelchair at the hospital, Johnson pulled his hair out, grabbed his head and ripped his glasses off his face. This presumably happened while the plaintiff was at the hospital after his arrest on January 17, 2020. Those allegations are

[3] The plaintiff's claim already may be time-barred. The statute of limitation for a §1983 false arrest claim begins to run at the time the plaintiff becomes detained. See Rosado v. Gonzalez, 832 F.3d 714, 716 (7th Cir. 2016). The plaintiff's due process claim may have accrued on January 17, 2020, which means he had three years to file a §1983 claim, or until January 16, 2023. See Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018); see also Wis. Stat. §893.54.

not related to the plaintiff's due process claim alleging false charges. If the plaintiff wants to pursue this claim, he must file a new lawsuit. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). The court advises the plaintiff that this claim probably is barred by the three-year statute of limitation applicable to §1983 claim. See Huber, 909 F.3d at 207; see also Wis. Stat. §893.54.

Finally, on June 22, 2026, the plaintiff filed a motion titled "Re: Imminent Danger" in which he states that an officer at the Milwaukee County Jail threatened him for no reason on June 12, 2026. Dkt. No. 7 at 1. The plaintiff says that he was very scared when the officer threatened him, and that he fears for his safety. Id. The plaintiff states that he wants "a no contact with" the officer. Id. at 2. The court does not have the authority to issue an order prohibiting the officer from contacting the plaintiff. The plaintiff's concern with this officer is not related to his claim in this case. The court will deny the plaintiff's motion re: imminent danger.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion re: imminent danger. Dkt. No. 7.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** pending the conclusion of the plaintiff's state criminal proceedings. When those criminal proceedings have concluded, the plaintiff may file a motion to reopen

this case. The plaintiff's April 30, 2026 filing date will be preserved for limitation purposes.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$286** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations, 821 W. State St., Rm 224, Milwaukee, WI 53233.

Dated in Milwaukee, Wisconsin this 18th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**